174 P.3d 681 (2007)
Mary BALLARD, M.D., individually, Appellant,
v.
Dennis POPP and Jane Doe Popp; Nancy Caldwell and John Doe Caldwell; and Enumclaw Community Hospital, a Washington nonprofit corporation, Respondents.
No. 59003-1-I.
Court of Appeals of Washington, Division 1.
December 24, 2007.
*682 Jeffrey C. Grant, Aoki Sakamoto Grant, LLP, Seattle, WA, for Appellant.
Dan J. Keefe, Helsell Fetterman LLP, Pamela A. Okano, Reed McClure, Seattle, WA, for Respondents.

PUBLISHED IN PART
GROSSE, J.
¶ 1 A hospital administrator who provides information in response to a subpoena issued by the Medical Quality Assurance Commission (MQAC) is immune from civil suit. Further, the three-year statute of limitations applies to claims of tortious interference with business expectancy, and on the facts here, neither the discovery rule nor the continuing violation doctrine is applicable. Documents clearly show that Dr. Mary Ballard knew or should have known of the facts giving rise to her claim against the hospital and its administrators more than three years prior to filing suit. The trial court is affirmed.

FACTS
¶ 2 Dr. Mary Ballard is a physician with courtesy privileges at Enumclaw Community Hospital. She claims tortious interference against three defendants: Enumclaw Regional Hospital (hospital), Dennis Popp (the hospital's administrator) and Nancy Caldwell (the hospital's Director of Quality and Management Services). Ballard contends that the three defendants interfered with her medical practice and injured her professional reputation by spreading false and disparaging information about her to various third parties.
¶ 3 In May of 1999, MQAC received a complaint alleging that Ballard had engaged in unprofessional conduct. An investigator for MQAC sent a letter accompanied by a subpoena directing Popp to send to MQAC "[copies of all incidents, memos, letters or actions involving Mary Ballard, M.D.]"
¶ 4 Ballard's relationship with the hospital administration included various disagreements over a period of time. In 1997, the nursing staff complained about her failure to control her preschool-aged children whom she brought into the emergency room. Attempts by the hospital's assistant administrator to solve the child care issue were not well taken and Ballard hired an attorney. Two years later, the nursing staff continued to complain about Ballard's failure to control her children when she brought them to the emergency room. Nurses also reported an incident in which Ballard yelled at a patient who subsequently filed a complaint with the hospital.
¶ 5 Popp, the hospital administrator, kept a file about these and other incidents involving Ballard. Additionally, the file included letters from Ballard herself complaining about the very staff that had complained about her behavior. The file also held letters from Ballard's various attorneys regarding Ballard's complaints against the hospital and its administrators dating as far back as 1997.
¶ 6 The trial court held Popp immune from civil liability under both statutory and common law and granted summary judgment to Popp dismissing all claims against him personally. The trial court also dismissed some of Ballard's claims finding they were barred by the three-year statute of limitations. Additionally, the trial court held that evidence of claims and damages that occurred prior to the three-year statute of limitations was inadmissible. The matter was set for trial and the hospital challenged the sufficiency of evidence supporting Ballard's remaining claims. *683 Since the gravaman of Ballard's case was found in the now time-barred claims, the remaining claims were determined to be weak and not supported by the evidence. Noting that trial would be unlikely to proceed if this court affirmed its rulings regarding the statute of limitations and admissibility of evidence, the trial court certified them as final under CR 54(b) and stayed proceedings on the remaining claims.
¶ 7 After the CR 54(b) certification, the parties also sought to include in the present appeal review of a summary judgment order finding Popp immune from civil liability. A commissioner of this court concluded that all issues should be before the court in the interest of judicial economy and passed to the panel the issue of whether this order would be reviewed. We will resolve all the issues.

ANALYSIS
Immunity
¶ 8 A subpoena was issued to Popp under RCW 18.130.050(3)[1] which gives MQAC the authority to "issue subpoenas and administer oaths in connection with any investigation, hearing, or proceeding held under this chapter." RCW 18.130.070[2] provides:
(1)(a) The secretary shall adopt rules requiring every license holder to report to the disciplining authority any conviction, determination, or finding that another license holder has committed an act which constitutes unprofessional conduct, or to report information . . . which indicates that the other license holder may not be able to practice his or her profession with reasonable skill and safety to consumers as a result of a mental or physical condition.
. . . .
(3) A person is immune from civil liability, whether direct or derivative, for providing information to the disciplining authority pursuant to the rules adopted under subsection (1) of this section.
The June 14, 1995 subpoena provided:
On behalf of the Department of Health and pursuant to the authority granted to the MEDICAL QUALITY ASSURANCE COMMISSION, in RCW 18.130.050(3), you are ordered to produce and furnish to Investigator, DIANE GROVES, . . . on or before June 30, 1999, copies of the following documents and/or records:
COPIES OF ALL INCIDENTS, MEMOS, LETTERS OR ACTIONS INVOLVING MARY BALLARD, M.D.
You are hereby given notice and informed that in the case of willful and intentional failure of any person to comply with this subpoena, application to the appropriate court of this or any other jurisdiction, or other suitable administrative action pursuant to the authority granted to the Commission in Chapter 18.130 RCW will be taken.
The subpoena was accompanied by a letter which stated that MQAC was investigating "a complaint involving care provided by Dr. Mary Ballard as well as her behavior." Popp transmitted his file on Ballard to MQAC.
¶ 9 Ballard contends that Popp's file did not contain appropriate subject matter covered by RCW 18.130.070(3)'s immunity from civil liability provision because it did not contain information relating to a "conviction, determination, or finding" that Ballard had committed an act amounting to unprofessional conduct.[3] Ballard seems to argue the fact that Popp's file was marked "confidential" somehow morphed it into an illegally kept file. Ballard further argues that the file does not contain information which would amount to a "determination" of such unprofessional conduct. Ballard makes this statement without any reference to the material that is in the file. Mere allegations are not sufficient to demonstrate a genuine issue for trial. A party opposing summary judgment must present specific facts to show a genuine issue *684 for trial.[4] As noted previously, the file primarily consisted of complaints by Ballard, letters sent to Ballard in response to her complaints, and other employee complaints about Ballard's behavior in the hospital. The numerous instances of Dr. Ballard's inappropriate displays of anger and other behavior (such as permitting her children to run unsupervised around the emergency room) that are reported in the file are relevant to the criteria found in RCW 18.130.070.
¶ 10 Because we find that immunity attached under this portion of the statute, we need not address the trial court's additional grounds for finding immunity under both RCW 18.130.080 and common law. The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
WE CONCUR: DWYER and ELLINGTON, JJ.
NOTES
[1] Chapter 18.130 RCW, Uniform Disciplinary Act.
[2] Former RCW 18.13.070(1) (1995). The former statute's language in effect at the time the subpoena was issued was substantially the same. It provided "[t]he disciplining authority may adopt rules requiring any person. . . ."
[3] RCW 18.130.070(1)(a).
[4] Tiffany Family Trust v. City of Kent, 155 Wash.2d 225, 230, 119 P.3d 325 (2005).